IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09 CR 23-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KENNETH LEE GARDNER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THE following pleadings have been presented to the undersigned for decision and determination:

1) A motion entitled "Pro se Motions of the Defendant" (#94). This is a motion filed by the defendant on April 28, 2009. The paper writing does not show that it was served upon either the United States Attorney or upon the defendant's counsel. In the pleading the defendant presents the following motions: (a) motion to suppress; (b) motion to be allowed to be co-counsel; (c) motion to compel the government to reveal wiretap warrant; (d) all information leading to the arrest of Frank Caldwell; (e) information regarding Grover Andrew Pritchard and a search of Mr. Pritchard.

2) A motion entitled "Pro se, Motions for Separate Trial" (#119). This document is dated April 26, 2009 and does not contain a certificate of service. This document was sent by the defendant directly to the District Court.

3) A paper writing entitled "Motion to Extend the time to File Motion" (#123). This document does not contain a certificate of service and was sent by the defendant directly to the District Court.

4) A document dated April 30, 2009 entitled "Pro se, Complaint" (#121). In this document, the defendant requests a hearing to determine why his attorney will not "hand over" discovery to defendant. The document does not contain a certificate of service showing that it was served upon either the government or defendant's counsel. This document was sent directly to the District Court by the defendant.

5) A document entitled "Motion to Compel" (#120). This document does not contain a certificate of service showing either service upon the government or defendant's counsel. In the document, it appears the defendant is requesting production of various documents. This document was sent directly to the District Court.

6) A document entitled "Pro se, Motion for Separate Trial" (#122) dated April 30, 2009. This document does not contain a certificate of service showing either service upon the government or defendant's counsel. This document was sent by the defendant directly to the District Court.

7) A document entitled "Pro se, Motion for Separate Trial" (#124) dated

April 30, 2009. This document has a certificate of service showing that the defendant forwarded a copy to the Clerk of Court, the District Court, the Assistant United States Attorney and his counsel. This document was sent directly to the District Court.

8) A document entitled "Motion to Quash Evidence Obtained Upon Arrest" (#125) dated April 30, 2009. This document shows the defendant forwarded a copy to the Clerk of Court, the District Court, the Assistant United States Attorney and defendant's counsel. This document was sent directly to the District Court.

9) A letter (#126) sent by the defendant to the District Court. There is a certificate of service attached to the letter showing service upon the clerk, the District Court, the Assistant United States Attorney and defendant's counsel.

**Discussion.** The documents listed above as documents One through Nine and their consideration by the undersigned is governed by the "Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina", particularly LCrR-47.1(H) provides:

> **Pro Se Motions Filed By Criminal Defendants Who Have Not Waived Their Right to Counsel.** Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waiver his or her right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver. Exceptions to this general rule may be made in the discretion of the judicial officer considering the *pro se* motion.

3

The documents that the defendant either filed with the court or forwarded to the District Court are examples of why this rule was necessary. In the documents, the defendant has presented multiple requests for a separate trial and multiple requests regarding discovery. Some of the documents were sent to the government and defendant's counsel, some were not. For the court to consider the documents as pleadings, the court would have to wade into a quagmire of multiple requests of the defendant.

The defendant requested the appointment of counsel and counsel was appointed for the defendant. If the defendant wishes for motions to be filed by his counsel, he should discuss these matters with his attorney so his attorney can consider whether or not such requests have merit and if so, he attorney can then present them in the form of a motion or motions which are supported by a brief, as required by LCrR 47.1(C) and made in accordance with LCrR 47.1(A) and which contains a certificate of conference as required by LCrR 47.1(B).

Due to the fact that the documents presented by the defendant to either the clerk or directly to the District Court do not comply with LCrR 47.1(H), the undersigned has determined to deny such motions summarily, without prejudice to further filings that might be made by defendant's counsel.

Further authority for dismissing the defendant's *pro se* motions is found in Unites States v. D'Amario, 2008 WL 624768 at *1, 2008 U.S. App. LEXIS 5079 at *4 (3d Cir. 2008) (holding that district courts are not obligated to consider *pro se* motions from a defendant who is represented by counsel because "[t]he Constitution does not confer a right to proceed simultaneously by counsel and *pro se*"). The defendant is instructed to communicate with the court only through his attorney.

## ORDER

IT IS, THEREFORE, **ORDERED** that the documents presented by the defendant as listed above as One through Nine and set forth as #'s 94, 119, 120, 121, 122, 123, 124, 125, and 126 are hereby **DENIED** without prejudice for failure to comply with LCrR 47.1(H).

Signed: May 18, 2009

Dennis L. Howell
United States Magistrate Judge